STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-15-0174

JEFFREY FORBES,

Plaintiff

v.

YORK COUNTY SHERIFF'S
DEPARTMENT,

Defendant

**ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

Plaintiff Jeffrey Forbes brings this action against the York County Sheriff's Department (County) alleging disability discrimination pursuant to the Maine Human Rights Act ("MHRA"). Defendant has filed a motion for summary judgment, which asserts that Forbes has failed to establish a prima facie claim of disability discrimination under the MHRA because (i) he is not a "qualified individual" and (ii) the County made good faith efforts to identify a reasonable alternative to the hiring test at issue.

## I.  Summary Judgment Factual Record[1]

As a result of complications during surgery in 2003 to remove a brain tumor, Forbes has been left with certain deficits in his coordination, speech, vision, and fine motor skills. (Pl.'s S.M.F. ¶ 2.) He has worked with a physical therapist to address the deficits; and his doctors tell him he is improving little by little. (Id. ¶¶ 3-4, 7.)

Since the surgery, Forbes has held several jobs as a security officer. (Id. ¶ 9.)

---

[1] Plaintiff's statement of additional material facts and his reply to defendant's statement of material facts cite a Maine Human Rights Commission report to support a number of his factual assertions. (See e.g. Pl.'s S.M.F. ¶¶ 8, 54-59.) As defendant contends, the report is inadmissible. *Tiemann v. Santarelli Enters.*, Inc., 486 A.2d 126, 131-32 (Me. 1984). Therefore, the court has not considered any statements of material fact that rely solely on the report. M.R. Civ. P. 56 (e), (h).

1

He also worked as a volunteer police officer for Cambridge Police Department from 2010 until November 2014. (*Id.*)

He has applied on two separate occasions to the County for a job as a correctional officer at the York County Jail—first I 2012 and then again in 2013. (*Id.* ¶¶ 11, 33.) At the time of his applications, the County required applicants for the position of correctional officer to take a written examination and complete a timed run. (Def.'s S.M.F. ¶¶ 3, 10.)

Forbes requested accommodations for the written examination and run. (*Id.* ¶ 4.) He informed the County that he had contacted the Maine Criminal Justice Academy regarding an accommodation request and the Academy suggested a one-mile walk completed in 20 minutes was a reasonable accommodation for the run. (Pl.'s S.M.F. ¶¶ 17, 18.) The County also contacted the Academy for advice regarding reasonable accommodations. (Def.'s S.M.F. ¶ 11.) Forbes provided the County with a letter from his physician requesting that an accommodation of one-mile walk completed in 20 minutes in lieu of the required run. (Pl.'s S.M.F. ¶ 19.)

In response to the request for accommodations, the County informed Forbes by email that the time for him to complete the written test would be increased from 1.5 hours to 2.25 hours, and that instead of running 1.5 miles, he would be permitted to walk 1.39 miles within 12 minutes. (Def.'s S.M.F. ¶ 4.) The same email stated: "[L]et us know if you agree that these accommodations are reasonable. If you have additional suggestions or any other information, we will certainly consider them as part of the process. Our objective is to structure a reasonable accommodation that is appropriate under the circumstances." (*Id.* ¶ 12.)

Forbes responded that the accommodation for the written test was satisfactory. (*Id.* ¶ 13.) That accommodation is not at issue in this case. He did request more time

2

to complete the walk.  (*Id.* ¶ 13.)

In response to the request for more time to complete the walk, the County sent another email stating in part as follows:

> After reviewing your response, I think it would be helpful if you discussed the proposed accommodation for the run with your doctor. The concept behind the run is to test an applicant's aerobic capacity. The proposed accommodation for the run is the 1.39-mile walk within 12 minutes which was designed to test the same thing, but in a slightly different format. The County's initial reaction to your suggestion is that providing you additional time to complete the walk would undermine the purposed of the test. As a result, I suggest that you talk with your doctor and get her assessment of the County's proposed accommodation. If your doctor has some additional thoughts on how to accomplish the underlying purposes of the tests, we will be happy to consider them. In the interim, we will give some additional thought to the test as well.

(*Id.* ¶ 14.)  Plaintiff responded:  "I can work on that and if it is possible apply to the next testing process, I can practice the walk for the 1.39."  (*Id.* ¶ 15.)  He also inquired if there were any civilian positions available at the jail for which he would not have to complete the physical test, but there was no response to the inquiry.  (Pl.'s S.M.F. ¶ 19.) Forbes did not otherwise follow up regarding accommodations or with more information from his doctor.  (Def.'s S.M.F. ¶ 16.)[2]

In July 2013, Forbes submitted a second application to the County for a job as a correctional officer at the York County Jail.  (Pl.'s S.M.F. ¶ 33.)  He called and left a

---

[2] Defendant moves to strike plaintiff's denial of paragraphs 16 and 25 of its statement of material fact. (Def.'s Reply S.M.F. ¶¶ 16, 25 Request to Strike.)  Paragraph 16 states, "[Officer] Bean did not receive any follow up on the proposed reasonable accommodations from Forbes or his doctor." (Def.'s S.M.F. ¶ 16.)  This statement of material fact was under the heading "2012 Application." (*Id.*)  Plaintiff denies the statement based on attempts he made to contact defendant after submitting his 2013 application. (Pl.'s Reply S.M.F. ¶ 16.)  It appears that plaintiff contacted Officer Stringer, not Bean, after he submitted his 2013 application.  (*Id.*)  To the extent paragraph 16 of defendant's statement of material fact refers to the time before plaintiff filed his 2013 application, it is deemed admitted. Paragraph 25 states, "[Officer] Bean did not receive any further communication from Forbes after Forbes submitted the second application for employment in 2013." (Def.'s S.M.F. ¶ 25.)  Plaintiff's denial only references attempts he made to contact Officer Stringer, not Bean.  (Pl.'s Reply S.M.F. ¶ 25.)  To the extent paragraph 25 of defendant's statement of material fact refers to communication directly from Forbes to Bean, it is deemed admitted.

voicemail regarding his prior requests for accommodation. (*Id.* ¶ 39.) The County sent him a letter on September 5, 2013 acknowledging receipt of his application but indicating it was not actively hiring at the time. (*Id.* ¶¶ 41-42.) Forbes called again and left a voicemail regarding his application, but the call was not returned. (*Id.* ¶ 43.) On November 13, 2013, the County sent him another letter stating that testing would take place on December 5, 2013. (*Id.* ¶ 46.) The letter also indicated that he would be required to complete a 1.5-mile run in 13 minutes and 46 seconds in order to move forward in the hiring process, and did not reference accommodations. (*Id.* ¶¶ 47-48.) Accompanying the letter was a medical clearance form to be filled out by a physician. (Def.'s S.M.F. ¶ 21.)

Forbes did not go to the doctor to have the form completed. (*Id.* ¶ 22.) After receiving the letter, Forbes called again and left a voicemail; the County did not return the call or otherwise respond. (*Id.* ¶¶ 50-52.) Forbes did not attend the testing on December 5, 2013. (*Id.* ¶ 53.)

Parties disagree about whether Forbes was qualified—with or without reasonable accommodations—as an applicant and as a correctional officer. (*Compare id.* ¶¶ 60-67 *with* Def.'s S.M.F.'s ¶¶ 29-50.) Both parties reference the job description for correctional officers in support of their arguments. (Def.'s S.M.F. ¶ 40; Pl.'s S.M.F. ¶¶ 62-64.)

## II. Conclusions

### A. Summary Judgment Standard of Review

Rule 56(c) provides:

> Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter

4

of law.

M.R. Civ. P. 56(c). "Where factual disputes do exist, [the court views] the facts in the light most favorable to the nonmoving party." *Reid v. Town of Mount Vernon*, 2007 ME 125, ¶ 2, 932 A.2d 539. "To survive a defendant's motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 9, 824 A.2d 48. "If the plaintiff presents insufficient evidence on an essential element in her cause of action, such that 'the defendant would . . . be entitled to judgment as a matter of law on that state of the evidence at a trial, the defendant is entitled to a summary judgment.'" *Id.* (quoting *Johnson v. Carleton*, 2001 ME 12, ¶ 11, 765 A.2d 57. Because there are genuine issues of material fact, defendant's motion for summary judgment is denied.

**B.  Plaintiff's Claim**

Plaintiff seeks relief under the MHRA. (Compl. ¶¶ 20-22.) Neither the complaint nor the opposition to the motion for summary judgment cites a provision of the MHRA. However, from claims and allegations made it appears plaintiff is asserting a claim for violation of 5 M.R.S. § 4572. The MHRA declares as follows: "The opportunity for an individual to secure employment without discrimination because of . . . physical or mental disability . . . is recognized as and declared to be a civil right." 5 M.R.S. § 4571; *see also Carnicella v. Mercy Hosp.*, 2017 ME 161, ¶ 18, ___ A.3d ___. It is a violation of that right for a covered entity[3] to "discriminate against a qualified individual with a disability because of the disability of the individual in regard to job application procedures, the hiring, . . . and other terms, conditions and privileges of employment." 5 M.R.S. § 4572(2).

---

[3] "'[C]overed entity' means an employer, employment agency, labor organization or joint labor-management committee." 4 M.R.S. § 4553 (1-B).

### 1. Qualified Individual

The MHRA defines a "qualified individual with a disability" as "an individual with a physical or mental disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that the individual holds or desires." 5 M.R.S. § 4553 (8-D). The burden of proof is on plaintiff to demonstrate he was a qualified individual with a disability.[4] *Daniels v. Narraguagus Bay Health Care Facility*, 2012 ME 80, ¶ 14, 45 A.3d 722. Whether work duties and responsibilities are "essential" and whether plaintiff can perform them are questions of fact to be determined by the fact-finder. *Id.* ¶ 17. Taking the facts in the light most favorable to plaintiff, Forbes raises a genuine issue of material fact as to whether or not he is a qualified individual. (See Pl.'s S.M.F. ¶¶ 4, 6, 9, 17, 60-67.)

### 2. Good Faith

Defendant also argues that even if plaintiff establishes a violation of section 4572, he cannot recover because defendant engaged in good faith efforts with plaintiff to identify and make a reasonable accommodation in accordance with section 4613 (2)(8)(b). Plaintiff counters that there is a genuine issue of material fact as to whether defendant engaged in good faith efforts or not. Section 4613(2)(B)(8)(b) provides as follows:

> When a discriminatory practice involves the provision of a reasonable accommodation, damages may not be awarded under this subparagraph when the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide that individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

---

[4] "In any civil action under this Act, the burden shall be on the person seeking relief to prove, by a fair preponderance of the evidence, that the alleged unlawful discrimination occurred." 5 M.R.S. § 4631.

6

5 M.R.S. § 4613. "A plain language reading of the statutory provision reveals that section 4613(2)(B)(8)(b) provides an employer with an affirmative defense to a disability discrimination claim regarding a failure to accommodate pursuant to the MHRA." *Kezer v. Cent. Me. Med. Ctr.*, 2012 ME 54, ¶ 27, 40 A.3d 955. Defendant has the burden of proof on its affirmative defense. *Rowe v. Aroostook Med. Ctr.*, No. 1:09-cv-182-DBH, 2010 U.S. Dist. LEXIS 102969, at *42 (D. Me. Aug. 17, 2010). Whether defendant engaged in good faith efforts is generally considered a question of fact. *See Farnham v. Walmart Stores E., L.P.*, No. 1:13-cv-305-JDL, 2014 U.S. Dist. LEXIS 169202, at *16-17 (D. Me. Dec. 8, 2014); *Winslow v. Cty. of Aroostook*, No. 1:11-cv-162-GZS, 2013 U.S. Dist. LEXIS 20605, at *36 (D. Me. Feb. 15, 2013).

Because plaintiff has raised a genuine issue of material fact as to whether defendant engaged in good faith efforts to identify a reasonable accommodation,, summary judgment is not warranted. (See Pl.'s S.M.F. ¶¶ 14, 17-23, 24-43, 46-52.)

### III. Order

For the reasons discussed above, defendant York County Sheriff Department's motion for summary judgment is DENIED.

SO ORDERED.

The clerk may incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:    August 18, 2017

Wayne R. Douglas
Justice, Maine Superior Court

7

CV-15-174
ATTORNEYS  FOR PLAINTIFF:
GUY D LORANGER
DANIELLE CAMPBELL
LAW OFFICE OF GUY D LORANGER
ONE GRANNY SMITH COURT SUITE 3
OLD ORCHARD BEACH ME  04064

ATTORNEYS FOR DEFENDANT:
PETER MARCHESI
CASSANDRA S SHAFFER
WHEELER & AREY PA
P O BOX 376
WATRVILLE ME  04903